# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TANIA BAKER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-11-1450 |
| MS. PATRICIA MACK | * | |
| MS. CRYSTAL CLARK | | |
| MR. TODD COHEN and | * | |
| MS. TANYA REED | | |
| | * | |
| Defendants | **** | |

## MEMORANDUM

The above-captioned case was filed on May 26, 2011, together with a motion to proceed in forma pauperis. Because she appears to be indigent, plaintiff's motion shall be granted.

The complaint purports to be a claim for housing discrimination and mail fraud. ECF No. 1 at p. 2. The three claims raised are that (1) a naked man was permitted to walk into plaintiff's apartment building; (2) an elevator was broken for two weeks after a building fire; and (3) plaintiff's mail was improperly returned to the post office. *Id.*

"To establish a prima facie case of housing discrimination, the plaintiff must prove that: (1) he or she is a member of a statutorily protected class; (2) he or she applied for and was qualified to rent or purchase certain property or housing; (3) he or she was rejected; and (4) the housing or rental property remained available thereafter." *Sullivan v. Hernandez*, 215 F. Supp. 2d 635, 638 (D. Md. 2002) (citing *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 634-35 (6th Cir. 2000)); *Soules v. U.S. Dept. of Housing and Urban Development*, 967 F.2d 817, 822 (2d Cir. 1992). The first and second allegations raised in the complaint do not state a claim of housing discrimination pursuant to 42 U.S.C. §3601 *et seq.* Indeed, the allegations describe

unfortunate events not connected in any way to plaintiff's status as a member of a protected class. The claims will be dismissed without prejudice.

With respect to plaintiff's claim for mail fraud, it appears she is seeking imposition of criminal penalties. ECF No. 1 at p. 2. As an alleged crime victim, plaintiff has no constitutional right to insist on criminal prosecution. *See Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988). She is free, however, to report the alleged crime to the appropriate prosecutorial authority with the discretion to pursue charges. This claim must be dismissed for failure to state a claim upon which relief may be granted.

A separate order follows.

June 1, 2011
Date

James K. Bredar
United States District Judge